IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00355 SOM/BMK |
| | ) | |
|       Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING PLAINTIFF'S |
|   vs. | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYING FEES OR |
| PARAGON PROPERTIES, LLC, | ) | COSTS AS MOOT |
| DOUGLAS MELCHER, MAURA | ) | |
| NICHOLSON, AND JAMES SEELY, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On July 18, 2013, Plaintiff Brian Evans filed his Complaint. ECF No. 1. That same day, Evans filed an Application to Proceed In Forma Pauperis ("IFP"). ECF No. 4. Evans's Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The court therefore dismisses Evans's Complaint and denies his IFP application as moot.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum,

"plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Evans's Complaint asserts malicious prosecution, extortion, intentional infliction of emotional distress, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  However, Evans has not provided factual allegations supporting his claims.  The bases for his claims remain unclear.  Even construing Evans's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

For example, the malicious prosecution claim does not allege that any court action was actually instituted against Evans.  Evans appears to be alleging that a complaint was filed with law enforcement, but a malicious prosecution claim typically requires the use of some court process.  Nor are there sufficient factual allegations to support an "extortion" claim.  The court notes that part of the problem is that "extortion" is a term usually used in criminal rather than civil cases.  The Complaint

also refers to Defendants' "goal...to defame Plaintiff," ECF No. 1, ¶ 22, while referring to an attorney's alleged threat of criminal prosecution, and to an American Bar Association provision concerning such threats.  At this point, the "extortion" claim appears to be confusingly related to defamation.  Equally problematic is the Fair Debt Collection Practices Act ("FDCPA") claim.  The court cannot tell if Evans is claiming that an attorney acted as in-house counsel for Paragon Properties in collecting a debt, which may affect the applicability of the FDCPA.

      The court gives Evans leave to file an Amended Complaint to cure these deficiencies by stating a claim upon which relief may be granted.  Failure to do so by August 20, 2013 will result in the dismissal of the action.

      In deciding whether to file an Amended Complaint, Evans may want to consider the issue of personal jurisdiction.  The court questions whether it may constitutionally exercise personal jurisdiction (as opposed to subject matter jurisdiction) over the named Defendants.  Evans's pleadings have raised serious questions about whether any Defendant has the constitutionally required minimum contacts with Hawaii to support the exercise of personal jurisdiction.  See Bancraft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that, while a defendant can be haled into court if the defendant has

"substantial" or "continuous and systematic" contacts with the jurisdiction, a court's personal jurisdiction over a defendant is limited by a defendant's right to due process).  As nothing in the Complaint suggests any ties between Defendants and the District of Hawaii, it is hard to see how Evans could avoid dismissal for lack of personal jurisdiction.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) ("An action may be dismissed under [28 U.S.C.] section 1915(d) where the defense is complete and obvious from the face of the pleading or the court's own records.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Evans v. Paragon Properties, LLC, et al.; Civil No. 13-00355 SOM/BMK; ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT